**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| Prospect Capital Corporation (f/k/a Prospect Energy Corporation), 10 East 40th Street, 44th Floor New York, NY 10016, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| -v- | ) ) |
| Stanley Roger Ditty, 3011 Brookemonte Lane Lexington, KY 40515, | ) ) ) ) | Case No.: _____
| Gerald Burleson, 410 Blue Top Road Tazewell, TN 37879, | ) ) ) ) |
| Sequoia Energy, LLC, P.O. Box 838 Middlesboro, KY 40965, | ) ) ) ) |
| Cumberland Valley Contractors, Inc., N. 19th Street Extension P.O. Box 1329 Middlesboro, KY 40965, | ) ) ) ) ) |
| Kentucky Valley Contractors, Inc., N. 19th Street Extension P.O. Box 2218 Middlesboro, KY 40965, | ) ) ) ) ) |
| Liggett Mining, LLC, P.O. Box 2218 Middlesboro, KY 40965, | ) ) ) ) |
| Bardo Mining, LLC, P.O. Box 837 Middlesboro, KY 40965, | ) ) ) ) |
| and | ) ) ) |

| | |
|---|---|
| Seneca Energy, LLC, | ) |
| P.O. Box 837 | ) |
| Middlesboro, KY 40965, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Prospect Capital Corporation (f/k/a Prospect Energy Corporation) ("Plaintiff"), by and through its undersigned counsel, and for its complaint against Stanley Roger Ditty, Gerald Burleson, Sequoia Energy, LLC, Cumberland Valley Contractors, Inc., Kentucky Valley Contractors, Inc., Liggett Mining, LLC, Bardo Mining, LLC and Seneca Energy, LLC (collectively, "Defendants"), states, claims and alleges as follows:

## PRELIMINARY SUMMARY

1. The Defendants in this case are a group of corporations and their owners. This case arises out of misrepresentations made by the Defendants with the intention of inducing Plaintiff to purchase the defendant corporations and to incur substantial due diligence costs in the process of such acquisition. As alleged in detail below, Defendants, jointly and severally, have breached common law tort duties to the Plaintiff and have failed to abide by the terms of a fully-executed agreement (the "Agreement"), dated November 22, 2006, by and between Plaintiff and Defendants. As set forth in detail below, Plaintiff here seeks to recover its costs, fees, and expenses, plus interest, that it incurred in performing due diligence pursuant to the Agreement and as a result of the Defendants' misrepresentations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1332 (Diversity Jurisdiction) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. *Inter alia*, the Agreement states that it is governed by the law of the State of Maryland, that each party thereto consents and agrees that the federal courts located in the State of Maryland shall have exclusive jurisdiction to hear and determine any claims or disputes arising from the Agreement, and that each party consents to waive any defenses based upon lack of jurisdiction, improper venue, or inconvenient forum. Accordingly, venue is proper in the United States District Court for the District of Maryland pursuant to the Agreement and 28 U.S.C. § 1391(a).

## PARTIES

4. Plaintiff, Prospect Capital Corporation (f/k/a Prospect Energy Corporation), is a Maryland corporation whose principal place of business is 10 East 40th Street, 44th Floor, New York, NY 10016. Plaintiff is a citizen of Maryland pursuant to 28 U.S.C. § 1332(c).

5. Upon information and belief, Defendant Stanley Roger Ditty ("Ditty") is an individual, whose last known address is 3011 Brookemonte Lane, Lexington, KY 40515, and the Managing Member of Defendant Sequoia Energy, LLC. Upon information and belief, Ditty is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(a)(1).

6. Upon information and belief, Defendant Gerald Burleson ("Burleson") is an individual whose last known address is 410 Blue Top Road, Tazewell, TN 37879. Upon information and belief, Burleson is a citizen of Tennessee pursuant to 28 U.S.C. § 1332(a)(1).

7. Upon information and belief, Defendant Sequoia Energy, LLC ("Sequoia Energy") is a Kentucky limited liability company whose business address is P.O. Box 838, Middlesboro, KY 40965. Upon information and belief, Sequoia Energy is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(c).

8.      Upon information and belief, Defendant Cumberland Valley Contractors, Inc. ("Cumberland") is a Kentucky corporation whose business address is N. 19th Street Extension, P.O. Box 1329, Middlesboro, KY 40965. Upon information and belief, Cumberland is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(c).

9.      Upon information and belief, Defendant Kentucky Valley Contractors, Inc. ("Kentucky Valley") is a Kentucky corporation whose business address is N. 19th Street Extension, P.O. Box 2218, Middlesboro, KY 40965. Upon information and belief, Kentucky Valley is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(c).

10.     Upon information and belief, Defendant Liggett Mining, LLC ("Liggett") is a Kentucky limited liability company whose business address is P.O. Box 2218, Middlesboro, KY 40965. Upon information and belief, Liggett is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(c).

11.     Upon information and belief, Defendant Bardo Mining, LLC ("Bardo") is a Kentucky limited liability company whose business address is P.O. Box 837, Middlesboro, KY 40965. Upon information and belief, Liggett is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(c).

12.     Upon information and belief, Defendant Seneca Energy, LLC ("Seneca") is a Kentucky limited liability company whose business address is P.O. Box 837, Middlesboro, KY 40965. Upon information and belief, Seneca is a citizen of Kentucky pursuant to 28 U.S.C. § 1332(c).

## FACTUAL ALLEGATIONS

13.     Plaintiff is a financial services company that primarily lends to and invests in middle-market privately-held companies. Plaintiff invests primarily in senior and subordinated

debt and equity of companies in need of capital for acquisitions, divestitures, growth, development, project financing and recapitalization.

14.   In its ordinary course of business, Plaintiff engaged in preliminary discussions with Ditty and Burleson regarding a potential acquisition of Defendants Sequoia Energy, Cumberland, Kentucky Valley, Liggett, Bardo, and Seneca (collectively "the Company" or "Sequoia").  In these discussions and in the Agreement, the corporate Defendants herein (Sequoia Energy, Cumberland, Kentucky Valley, Liggett, Bardo, and Seneca) were referred to and treated as a single unit, *i.e.* "the Company" or "Sequoia," and all representations made and actions taken on behalf of "the Company" or "Sequoia" were made on behalf of each and all of the corporate Defendants.

15.   During the course of these preliminary discussions, Ditty and Burleson, individually and on behalf of Sequoia, made false and misleading representations regarding the state of business of Sequoia, the assets of Sequoia, the profitability of Sequoia and the financial and operating health of Sequoia.  For example, among other statements:

   a)   Ditty and Burleson, on behalf of Defendants, falsely informed Plaintiff that Sequoia was a profitable group of businesses able to service existing and new indebtedness; and

   b)   Ditty and Burleson, on behalf of Defendants, represented that the properties owned by Sequoia (the "Properties") had 50 million tons of recoverable reserves of coal on 15,000 contiguous acres and an additional 15 million tons of recoverable reserves of coal that could potentially be mined; and

    c)  Ditty and Burleson, on behalf of Defendants, represented that the Properties had no environmental features or other geological features that would render recovery of the coal on such properties overly difficult, uneconomical or otherwise impossible.

  16.  Upon information and belief, these false statements made by Ditty and Burleson, individually and on behalf of Sequoia, were made with the intent to induce Plaintiff to further investigate and to purchase Sequoia. Further, upon information and belief, Defendants knew that Plaintiff would incur substantial due diligence costs in reliance upon Defendants' false statements.

  17.  Plaintiff did not know that these representations by Defendants were false at the time that the representations were made. Had Plaintiff known that these representations by Defendants were false, Plaintiff would not have proceeded further with any investigation of Sequoia and would not have incurred the costs and damages that are the subject of this action. Moreover, Plaintiffs could not have known that Defendants' representations were false at the time because investigation of Plaintiff's representations required specialized knowledge, which Defendants possess and Plaintiffs did not possess.

  18.  Based on the Defendants' false and misleading representations, on November 22, 2006, Plaintiff and Defendants signed and executed the Agreement, in which Plaintiff proposed to acquire Sequoia from Ditty and Burleson subject to the satisfaction of a number of conditions. The signatory to the Agreement on behalf of the Defendants was lawfully authorized by all Defendants to sign the Agreement on their behalves, and the Agreement was to be performed within one year of its signing.

  19.  The Agreement provided, among other things, that Plaintiff would continue its investigation and due diligence review of Defendants, including the desirability of a potential

acquisition of Sequoia, and could, at any time in Plaintiff's sole discretion, terminate any and all discussions with Defendants.

20.     The Agreement further provided that in the event a transaction was not consummated with Sequoia because Plaintiff or its representatives determined in Plaintiff's sole discretion that material differences exist between Seller's representations and the results of Plaintiff's due diligence, Defendants would repay Plaintiff's costs incurred in connection with the Agreement, the discussions, and any other costs arising from Plaintiff's dealings regarding Sequoia.

21.     Subsequent to the execution of the Agreement, Plaintiff undertook an extensive due diligence review of each of the Defendants to refine its analysis, investigate Ditty and Burleson's prior representations, and evaluate the desirability of continuing negotiations with Defendants.

22.     Based on its due diligence review, Plaintiff discovered that Sequoia was not a profitable and vibrant group of businesses, but that Sequoia was losing money.  Plaintiff found that the representations previously made by Ditty, Burleson, and Sequoia during the course of their discussions with Plaintiff were false and misleading, wholly and materially inaccurate, and clearly contradictory to Sequoia's real financial condition.

23.     Specifically, Plaintiff's due diligence review included the engagement of Norwest Corporation, an environmental specialist firm, to develop a reserve study report (the "Reserve Report"), delivered on or about January 16, 2007, of the Properties.  The Reserve Report revealed that the actual amount of recoverable reserves on the Properties was approximately half of the amount represented by Ditty and Burleson, and also revealed that the Properties had

7

material and substantial environmental and geological attributes that significantly reduced the potential coal output of the Properties and rendered the operation of the Properties uneconomical.

24. Based on the material differences between Ditty and Burleson's representations and the result of Plaintiff's due diligence, Plaintiff terminated negotiations with Defendants, with no agreement, contract or other understanding being agreed upon, other than the Agreement, signed or executed between the parties. On January 22, 2007, Plaintiff delivered a letter addressed to Ditty (the "Termination Letter"), in his capacity as representative of Defendants, dated January 22, 2007, memorializing such termination of all discussions and negotiations and definitively demonstrating that no transaction was or would be consummated.

25. Upon notification of termination of discussions, as memorialized by the delivery of the Termination Letter, Defendants became obligated under the Agreement to reimburse Plaintiff's expenses. Throughout the six months following the delivery of the Termination Letter, Plaintiff and its representatives repeatedly demanded reimbursement of expenses from Defendants.

26. Defendants made no reimbursements to Plaintiff in response to Plaintiff's demands as they were contractually obligated to do under the Agreement, did not themselves respond to demands for payment and, as of the date hereof, have yet to reimburse any expenses owed to Plaintiff.

27. As of the date hereof, Plaintiff has incurred approximately $85,745.07 in expenses as a result of Defendants' misrepresentations, not including interest, attorneys fees, or other legal expenses.

28. Defendants' failure to reimburse Plaintiff in a timely fashion constitutes a breach of the Agreement that is continuing as of the date hereof.

29.     In addition, Defendants' false and misleading misrepresentations concerning the financial condition of Sequoia constitute fraud and/or negligent misrepresentation.

## CAUSES OF ACTION

### Count I:

### Breach of Contract

30.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 29 as if fully set forth herein.

31.     With full knowledge of their actions and intending to be bound, Defendants executed the Agreement with Plaintiff on November 22, 2006.

32.     The Agreement constitutes a valid, binding and enforceable agreement between Plaintiff and Defendants.

33.     The Agreement included, among other things, an affirmative obligation of Defendants to reimburse Plaintiff's expenses in the event a transaction between Defendants and Plaintiff is not consummated and Plaintiff determined that material differences existed between Defendants' representations and facts found by Plaintiff in its due diligence. Plaintiff determined that such material differences existed, no transaction has been consummated, and Plaintiff is owed reimbursement of its expenses.

34.     By failing to reimburse Plaintiff its expenses pursuant to the Agreement, Defendants have breached and continue to breach the Agreement.

35.     Defendants' failure to comply with the Agreement has caused Plaintiff to suffer damages in an amount no less than $85,745.07, plus interest, costs and fees, including attorney's fees.

## Count II:

### Fraud

36. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 35 as if fully set forth herein.

37. As set forth above, Defendants made false representations of material facts to Plaintiff with the purpose of inducing Plaintiff to purchase Sequoia from Defendants, in reliance upon Defendants' false representations.

38. Upon information and belief, at the time that the false and misleading representations were made Defendants knew that their representations were false. In the alternative, upon information and belief, Defendants made their false representations with reckless disregard for whether their statements were true or false, and despite knowing that Plaintiff would rely upon those statements.

39. Plaintiff reasonably relied upon Defendants' misrepresentations when it entered into the Agreement with the Defendants and undertook the expenses of due diligence.

40. Defendants knew that Plaintiff was relying upon the Defendants' representations, as the Agreement specifically states.

41. As a result of Defendants' fraudulent misrepresentations, Plaintiff has sustained damages in an amount to be determined at trial, but not less than $85,745.07, plus interest, costs and fees, including attorney's fees.

## Count III:

### Negligent Misrepresentation

42. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 41 as if fully set forth herein.

43. As set forth above, Defendants made false representations of material facts to Plaintiff with the purpose of inducing Plaintiff to purchase Sequoia from Defendants, based upon Defendants' misleading and false representations.

44. In order to induce Plaintiff to purchase Sequoia, Defendants made false representations as to the financial affairs and other matters relating to the corporate Defendants based upon information solely in the possession of the Defendants. Defendants possessed specialized knowledge relating to Defendants' business, assets, operations, and other matters, that Plaintiff did not possess and could not know, and which Defendants knew that Plaintiff did not possess and could not know. Defendants had a duty to ensure that their representations were accurate.

45. At the time that the false and misleading representations were made Defendants should have known that their representations were false, and Defendants were, at a minimum, negligent in making those statements.

46. Defendants knew and intended that Plaintiff was relying upon the Defendants' representations, as the Agreement specifically states, and that Plaintiff would incur injury if those representations were incorrect.

47. Plaintiff reasonably relied upon Defendants' misrepresentations when it undertook the expenses of due diligence, and Plaintiff was damaged as a result of Defendants' negligent misrepresentations.

48. As a result of Defendants' negligent misrepresentations, Plaintiff has sustained damages in an amount to be determined at trial, but not less than $85,745.07, plus interest, costs and fees, including attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in favor of Plaintiff on each of the Counts set forth above, and:

(a) award Plaintiff its damages as requested above, including compensatory and consequential damages, in an amount to be proven at trial but not less than $85,745.07 (before interest);

(b) award Plaintiff pre-judgment and post-judgment interest;

(c) award Plaintiff its fees and costs incurred in this action, including attorney's fees; and

(d) grant Plaintiff such other relief as this Court deems just and proper.

Dated: December 9, 2009

                                        Respectfully submitted,

                                        _____/s/ Randolph Stuart Sergent_____
                                        Randolph Stuart Sergent
                                        Federal Bar No. 23970
                                        VENABLE LLP
                                        700 East Pratt St., Suite 900
                                        Baltimore, MD 21201
                                        Tel:   410-244-7400
                                        Fax:   410-244-7742
                                        rssergent@venable.com